Lisa S. Kantor, Esq., SBN 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq., SBN 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Laura B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA B., | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; PENALTIES; AND ATTORNEYS' FEES AND COSTS** |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, LAURA B., herein sets forth the allegations of her Complaint against Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff, LAURA B., is a resident of Los Angeles, California and at all times relevant was a resident in the Los Angeles County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff was at all relevant times a covered participant under an employee group health benefit plan (the "Plan") sponsored by D. E. Shaw & Co., L.P. and pursuant to which Plaintiff was entitled to health benefits.

4. Plaintiff is informed and believes that Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("Cigna") has its principal place of business in Hartford, Connecticut. Cigna is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

5. Cigna insured and administered benefits under the Plan.

# FIRST CAUSE OF ACTION
# FOR DENIAL OF PLAN BENEFITS UNDER ERISA

6. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

7. Plaintiff is a young woman with a history of mental illness, including an eating disorder since age 14, depressive disorder, and anxiety disorder. Plaintiff attempted outpatient treatment but continued to struggle with eating disorder symptoms, anxiety, and depression which resulted in an inability to function in life. Her outpatient program recommended a higher level of care.

8. On March 23, 2015, Plaintiff admitted to inpatient psychiatric treatment at Menninger Clinic. She was 28 years old. Plaintiff was diagnosed with anxiety disorder, depressive disorder, and an eating disorder.

9. On March 26, 2015, Cigna denied benefits on the basis that Plaintiff's treatment was not medically necessary.

10. Plaintiff required inpatient treatment due to the severity of her eating disorder. Her eating disorder pattern had presented itself as waking in the night, feeling as if she was "starving," being repulsed by food, and vomiting when she attempted to eat. She thought of shooting herself in the head during binge eating episodes. Plaintiff was unable to maintain employment due to her illness and was recently terminated from her third job in three months. Plaintiff's husband requested a divorce following Plaintiff's admission to treatment.

11. On May 15, 2015, Plaintiff discharged from treatment.

12. On June 18, 2015, Menninger Clinic submitted an appeal request on Plaintiff's behalf and provided all treatment records.

13. On August 18, 2015, Cigna denied the appeal, again claiming Plaintiff's treatment was not medically necessary.

14. On August 17, 2016, Plaintiff's counsel submitted a second level appeal to Cigna.

15. On September 15, 2016, Cigna denied the second level appeal, again claiming Plaintiff's treatment was not medically necessary.

16. Cigna wrongfully denied Plaintiff's benefits for treatment in the following respects, among others:

(a) Failure to authorize and pay for medical services rendered to Plaintiff as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits;

(c) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative and medically appropriate courses of treatment;

(e) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R. § 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment; and

(f) Failure to thoroughly and independently evaluate both Plaintiff and her medical records prior to issuing their denials of Plaintiff's claim and her appeal.

4
ERISA COMPLAINT

17. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

18. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

19. As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred for her treatment, in a total sum to be proven at the time of trial.

20. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

21. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

22. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

23. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

(b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health care benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: November 15, 2017                KANTOR & KANTOR, LLP

                                        BY:  */s/ Elizabeth K. Green*
                                             Elizabeth K. Green
                                             Attorneys for Plaintiff,
                                             Laura B.